**MICHAEL D. LONG**
Attorney at Law
California State Bar Number 149475
901 H Street, Suite 301
Sacramento, CA 95814
Telephone:  (916) 201-4188
Facsimile:  (916) 442-8299
Email:         Mike.Long.Law@msn.com

Attorney for YAN EBYAM

## UNITED STATES DISTRICT COURT

## IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>YAN EBYAM,<br><br>　　　　　Defendant | Case No.:  Cr.S-11-275 & 11-276 JAM<br><br>**MOTION BY YAN EBYAM TO CONTINUE SENTENCING**<br><br>**Date: December 13, 2016**<br>**Time: 9:15 a.m.**<br>**Judge: John A. Mendez** |

　　　　Defendant YAN EBYAM hereby requests a one-month continuance of his sentencing hearing, which is presently set for December 13, 2016.  Mr. Ebyam requests a new sentencing date of January 10, 2017, to match the new sentencing date of co-defendant Jesus Bruce.

　　　　The defense has already filed identical formal objections in cases 11-275 (ECF 372) and 11-276 (ECF 131), and also filed identical sentencing memoranda in cases 11-275 (ECF 373) and 11-276 (ECF 132).

　　　　In the sentencing memoranda, the defense discussed the many co-defendants in cases 11-275 and 11-276 who pleaded guilty pursuant to terms set out in plea agreements before Yan Ebyam pleaded guilty on July 1, 2014, and who thereafter received re-negotiated plea considerations or plea agreements that substantially reduced the sentences for many of those co-

defendants. The only defendants who have not yet been sentenced in either 11-275 or 11-276 are Yan Ebyam and Jesus Bruce.

Jesus Bruce has a Rule 11(c)(1)(C) plea agreement for a stipulated specific number of months, yet on November 29, 2016, he filed a stipulation and proposed order to continue his sentencing hearing from December 6, 2016, to January 10, 2017. (11-275, ECF 376) Mr. Bruce's stipulation for a continuance did not provide the reason for his requested continuance. The Court granted Mr. Bruce's request. (11-275, ECF 377).

Whether the government will re-negotiate Mr. Bruce's current Rule 11(c)(1)(C) plea agreement to a new and reduced number of months remains to be seen. When Mr. Bruce's sentencing was set for December 6th and Yan Ebyam's sentencing was set for December 13th, Court and counsel would have known as of Mr. Ebyam's sentencing date whether Mr. Bruce was or was not sentenced to his currently stipulated number of months – or if Mr. Bruce was re-negotiating his plea agreement like other defendants did. Knowing whether Mr. Bruce was or was not sentenced to his current stipulated number of months is important when we are assessing whether Mr. Ebyam is being sentenced disparately vis-à-vis his co-defendants, as discussed at length in Mr. Ebyam's sentencing memorandum. If Mr. Bruce receives a new and improved plea agreement after Mr. Ebyam is sentenced, it would be very difficult for Mr. Ebyam to return to this Court for the Court to reconsider Mr. Ebyam's sentence. Mr. Ebyam has waived his right to appeal.

Mr. Ebyam has a Rule 11(c)(1)(C) plea agreement with a specified sentencing range for the Court to consider. Knowing if the government is going to re-negotiate Mr. Bruce's plea agreement, just as the government re-negotiated the plea agreements of other co-defendant's

after Mr. Ebyam pleaded guilty on July 1, 2014, would be important for the Court to know before sentencing Mr. Ebyam.

Mr. Ebyam hereby requests that the Court continue Mr. Ebyam's sentencing hearing in cases 11-275 and 11-276 to the same January 10, 2017, date that is the new sentencing date of Jesus Bruce.

Mr. Ebyam currently resides in Montana and will be flying to Sacramento for the December 13, 2016, sentencing hearing. If this request can be decided in advance of December 13th, it could save Mr. Ebyam significant travel expenses.

AUSA Jason Hitt has informed the defense that he opposes this motion to continue Mr. Ebyam's sentencing date.

Dated:  December 1, 2016  **MICHAEL D. LONG**
Attorney at Law

/s/ Michael D. Long
By: Michael D. Long
Attorney for YAN EBYAM